**Michael J. MARINO**

v.

**SECRETARY OF STATE.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 3, 1991.

Decided June 13, 1991.

Harold L. Stewart, II, Presque Isle, for plaintiff.

Michael E. Carpenter, Atty. Gen., Stephen Dassatti, Donald Macomber, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

■ Michael J. Marino appeals from a order entered by the Superior Court (Aroostook County, *Pierson, J.*) denying his appeal of a decision by the Chief Hearing Examiner of the Secretary of State's Division of Motor Vehicles (Hearing Examiner) suspending his driver's license.[1] Finding no error, we affirm.

Marino was arrested for operating a motor vehicle under the influence of alcohol. 29 M.R.S.A. § 1312-B (Supp.1990). At the time of his arrest, Marino held a conditional driver's license as a result of a previous suspension, also for operating under the influence of alcohol. 29 M.R.S.A. § 2241-J(11) (Supp.1990). Marino was taken to the police station where he was asked to complete a breath test. He made two attempts, but did not complete the test. At this point, a second police officer warned Marino of the consequences of his failure to complete the test, stating, "[I]f you fail to comply with the duty to submit to and complete a test your driver's license or permit to operate, right to operate or right to apply for or obtain a license will be suspended for a minimum of six month and may be as long as three years." The officer read this warning directly from an implied consent form which he then presented to Marino for his signature.[2] Marino indicated that he was willing to take the breath test and refused to sign the form. Marino made a third attempt, but did not complete the test. The officers examined the balloons for defects but could detect no physical reason for Marino's inability to complete the test. Later, Marino admitted that he was not trying whole-heartedly.

Marino subsequently received notice from the Secretary of State that his driver's license would be suspended for two years as a result of his failure to complete the breath test. 29 M.R.S.A. § 2241-J(1) & (2).[3] Pursuant to the statutory mandate,

---

1. Because the Superior Court acted as an intermediate appellate court, we review the Hearing Examiner's decision directly. *Abrahamson v. Secretary of State,* 584 A.2d 668, 670 (Me.1991); *Huard v. M.S.R.S. Bd. of Trustees,* 562 A.2d 694, 695 (Me.1989).

2. The implied consent form states:
   1. By operating or attempting to operate a motor vehicle within this State you have, by law, the duty to submit to and complete a breath test to determine your blood-alcohol level.
   2. I will determine which type of breath test, and I may require more than one breath sample. If I determine it is unreasonable to administer a breath test, a blood test will be administered to determine your blood-alcohol level, and it may be administered by a physician of your choice, if the physician is reasonably available.
   3. I must inform you that if you fail to comply with the duty to submit to and complete a test your driver's license or permit to operate, right to operate or right to apply for and obtain a license will be suspended for a minimum of six months and may be as long as three years, and will be admissible as evidence against you at your trial for operating under the influence of intoxicating liquor.

3. 29 M.R.S.A. § 2241-J(1) and (2) provide:
   1. Suspension. Except where a longer period of suspension is otherwise provided by law, the Secretary of State shall suspend for a period of one year, without preliminary hearing, the conditional license or right to operate of any person as to whom:
   A. There is received a record of conviction of operating under the influenced of intoxicating liquor or drugs or with an excessive blood-alcohol level; or
   B. The Secretary of State determines has operated or attempted to operate a motor vehicle during the period of the conditional license while having 0.05% or more by weight of alcohol in the blood.
   2. Duty to submit to test. Any person who operates or attempts to operate a motor vehicle within this State during the period of a conditional license, shall have the duty to submit to a test to determine the blood-alcohol level by analysis of that person's blood or breath, if there is probable cause to believe he operated or attempted to operate a motor vehicle while having 0.05% or more by weight of alcohol in the blood. Section 1312 shall apply, except that in all cases probable cause shall be to believe that the person was operating or attempting to operate a motor vehicle while having 0.05% or more by weight of alcohol in the blood and that the person has been convicted of an offense which makes the operator's license, permit or right to operate a conditional one, and except that suspension for failing to comply with the duty to submit to the test shall be for a period of not less than 2 years.

this two-year administrative suspension was imposed consecutive to a one-year court-imposed license suspension Marino received as part of his sentence in the criminal case arising out of the same incident. 29 M.R.S.A. § 2241–J(6)(B).[4]

Marino requested an administrative hearing pursuant to 29 M.R.S.A. § 2241–J(7) and (8). The only issue contested before the Hearing Examiner was whether Marino was adequately informed of the consequences of his failure to complete the test. 29 M.R.S.A. § 1312(1) (Supp.1990).[5] The Hearing Examiner found that Marino had been adequately informed that his license could be suspended for up to three years because of his failure to complete the test. Marino's appeal to this court followed his unsuccessful appeal to the Superior Court. 29 M.R.S.A. § 2241–J(8)(E); M.R.Civ.P. 80C.

 Relying on *State v. Granville*, 336 A.2d 861 (Me.1975), Marino contends that the officers were obligated to inform him that the two-year administrative suspension for failure to complete the breath test would be imposed consecutive to any court-ordered suspension stemming from his conviction for operating under the influence. We disagree. The warning given to Marino was fully consistent with the applicable statutory provisions, informed him, in unmistakable terms, that his license could be suspended for up to three years if he failed to complete the test and fully accorded with *Granville*. Marino's license was administratively suspended for two years and by court order for one year, for a total of three years. Thus, the Hearing Examiner correctly concluded that Marino was properly warned of the consequences of his failure to complete the breath test.

The entry is:

Judgment affirmed.

All concurring.

---

**4.** 29 M.R.S.A. § 2241–J(6)(B) provides in pertinent part:

   If such suspension is for the person's refusal to submit to the required test, any period of suspension imposed by the court or by the Secretary of State as a result of the adjudication or conviction shall be consecutive to the period of suspension imposed for refusal.

**5.** 29 M.R.S.A. § 1312(1) provides in pertinent part:

   1. Prerequisites to tests. Before any test specified is given, the law enforcement officer shall inform the person as to whom there is probable cause that, if the person fails to comply with the duty to submit to and complete the required chemical tests at the direction of the law enforcement officer, that person's license or permit to operate, right to operate or right to apply for or obtain a license will be suspended and the period of suspension will be a minimum of six months and may be as long a 3 years. The officer should also inform the person that the failure to comply with the duty to submit to chemical tests is admissible in evidence against that person at any trial for operating under the influence of intoxicating liquor.